CHARLES S. WELLOCK *vs.* FRANCES A. MARSH & another.

Middlesex. October 9, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court,* Jury issues. *Will,* Validity. *Unsound Mind.*

A motion, by daughters opposing a petition in a probate court for proof of an alleged will of their mother, that an issue for trial by jury be framed as to the deceased's soundness of mind, properly was allowed where the alleged will made gifts of nominal sums only to the daughters, the bulk of the deceased's property being given to or for the benefit of her son and to a charity at his death; and a statement by counsel of expected evidence showed that a medical expert, upon having submitted to him the facts concerning the life and medical history of the deceased, had given an opinion that on such facts she suffered from a chronic mental state, chiefly distinguished by delusions and hostility unwarrantably directed against others, especially against her daughters, that "Therefore she could not appreciate the nature of the claims they had upon her bounty," and that she did not have testamentary capacity.

PETITION, filed in the Probate Court for the county of Middlesex on January 19, 1931, for proof of the will of Frances P. Wellock, late of Everett.

The two daughters of the deceased filed a motion for jury issues. The motion was heard by *Campbell, J.,* upon statements by counsel of expected evidence. Material portions of the alleged will and of the statements appear in the opinion. The judge ordered an issue framed as to the soundness of mind of the deceased. The petitioner appealed.

*G. M. Palmer,* for the petitioner.

*E. B. Cook,* for the respondents.

SANDERSON, J. This is an appeal, by the executor named in the instrument propounded as the will of Frances

P. Wellock, from a decree ordering that the issue, whether the deceased was of sound mind at the time of the execution of the instrument propounded as her last will, be submitted to the jury. The instrument was executed on August 16, 1927. By its terms, a legacy of $50 was to go to each of her daughters and in each case the statement was added that the daughter was otherwise well provided for. The daughters were also given her clothing if they cared for it. Her son, if he survived her, was to have her house and land and all personal property in the house except the oil paintings and other pictures, which were to go to him for life and at his death to be divided equally between her daughters. Provision was made for establishing a trust for the benefit of her son of all moneys remaining on deposit in the banks, for the payment of $500 from the money in banks to the "Gov John A Andrew Home Association," and for the division at the death of her son between two named charities of any moneys held in trust. The instrument also provided that in the event that her son did not survive the deceased all of her property with certain exceptions should be equally divided between the two named charities.

The evidence upon which the judge acted was presented in the form of offers of proof by counsel for the respective parties.

When the test of mental capacity to make a will, as stated in *Whitney* v. *Twombly,* 136 Mass. 145, 147, is considered in connection with the rule by which the judge of probate is to be guided in deciding whether issues should be framed, as stated in *Fuller* v. *Sylvia,* 240 Mass. 49, 53, and especially upon the testimony to the effect that the contestants submitted the facts concerning the life and medical history of their mother to a medical expert and that he wrote to the attorney for the contestants that he had considered the facts as stated by the attorney and believed that accepting them as true Mrs. Wellock did not have testamentary capacity, that from the statement presented she suffered from a chronic mental state, chiefly distinguished by delusions and hostility unwarrantably

directed against others, especially against her daughters, "Therefore she could not appreciate the nature of the claims they had upon her bounty," we cannot say that the judge erred in framing the issue as to the soundness of the mind of Frances P. Wellock when she executed the instrument offered for probate as her will, notwithstanding the fact that much of the evidence offered related to matters occurring many years before the alleged will was executed. We do not undertake to say that all of this evidence would be competent at a trial. We assume the facts stated in the offer of proof by the contestants were fairly presented to the medical expert. The case is controlled in principle by *Daly* v. *Hussey*, 275 Mass. 28.

*Order allowing motion affirmed.*